**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2229-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID DUPREE, a/k/a
DAVID CARTER and
DAVID HARRIS,

    Defendant-Appellant.

_____

        Submitted April 17, 2024 – Decided May 2, 2024

        Before Judges Vernoia and Walcott-Henderson.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment Nos. 95-10-2456, 96-04-1166, and Accusation No. 97-01-0030.

        Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

        Matthew J. Platkin, Attorney General, attorney for respondent (Thomas Michael Caroccia, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

In 1997, defendant David Dupree pleaded guilty to three counts of third-degree possession of cocaine with intent to distribute. The court imposed concurrent five-year sentences with eighteen-month periods of parole ineligibility on each charge. Twenty-four years later, defendant filed a pro se post-conviction relief (PCR) petition, which he later amended, challenging two of his convictions. Defendant appeals from the court's order denying the petition without an evidentiary hearing. We affirm.

I.

In 1995 and 1996, separate grand juries returned indictments charging defendant with third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1), and third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(3).[1] In 1997, defendant pleaded guilty to the third-degree possession-of-cocaine-with-intent-to-distribute charges in the 1995 and 1996 indictments and an additional possession-with-intent-to-distribute charge in a 1997 accusation.[2] The court sentenced defendant in accordance with his plea

_____

[1] The 1995 indictment charged offenses occurring on May 24, 1995. The 1996 indictment charged offenses occurring on November 15, 1995.

[2] The 1997 accusation charged offenses occurring on September 26, 1996.

agreement to three concurrent five-year terms with eighteen-month periods of parole ineligibility.[3]

In 2010, a federal court sentenced defendant to a twenty-seven-year-and-eight-month sentence for a bank robbery conviction. Eleven years later, in 2021, defendant filed his pro se and amended PCR petitions asserting the federal court imposed an "enhanced" sentence for the bank robbery conviction because he qualified as a "career offender" as the result of his three 1997 convictions.

Defendant further asserted that it was not until 2010, when he reviewed his presentence report in connection with his sentencing on his federal bank robbery conviction that he learned he had been sentenced in 1997 to three concurrent sentences on the charges in the two indictments and accusation. Defendant claimed his 1997 plea counsel had misinformed him that the charges in the 1995 and 1996 indictments would be dismissed if he pleaded guilty to the possession-with-intent-to-distribute charge in the accusation. Defendant asserted he had therefore understood the charges in the indictments had been dismissed at his 1997 sentencing. Defendant sought PCR on his 1997 convictions for the charges in the 1995 and 1996 indictments and resentencing

---

[3] The record on appeal does not reflect that defendant filed a direct appeal from his 1997 convictions or sentence.

A-2229-22

on the charge—possession with intent to distribute cocaine—to which he pleaded under the accusation.

Defendant also claimed plea counsel was ineffective by failing to inform him in 1997 that "he would expose himself to a potential career offender status for federal sentencing purposes" by pleading guilty to three separate possession-with-intent-to-distribute charges. Defendant also asserted plea counsel was ineffective by failing to review discovery and trial strategy with him and by failing to argue defendant's "youthfulness at sentencing."

After hearing argument, Judge Michael E. Joyce rendered a detailed and well-reasoned decision from the bench denying defendant's PCR petition without an evidentiary hearing. Judge Joyce determined the petition was time-barred under Rule 3:22-12(a)(1) because it was filed more than five years after entry of defendant's 1997 judgment of conviction and defendant had failed to make any showing of excusable neglect for his late filing or that if defendant's factual assertions were found to be true, enforcement of the time bar would result in a fundamental injustice.

Judge Joyce also considered the merits of defendant's claims, finding defendant had not made a prima facie showing plea counsel was ineffective under the standard established by the United States Supreme Court in Strickland

4

v. Washington, 466 U.S. 668, 686 (1984), and adopted under our State Constitution in State v. Fritz, 105 N.J. 42, 58 (1987).

The court entered an order denying defendant's PCR petition without an evidentiary hearing. This appeal followed. Defendant presents the following arguments for our consideration:

> POINT I
>
> PETITIONER'S PETITION FOR [PCR] SHOULD NOT BE BARRED FROM REVIEW BECAUSE OF PROCEDURAL ISSUES, IN VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS AND A FAIR TRIAL.
>
> A. The Trial Court Found That The PCR [Petition] Was Time-Barred Without An Evidentiary Hearing.
>
> B. Counsel Failed To Review Discovery And Discuss Trial Strategy Causing Him To Be Ineffective.
>
> C. Counsel Was Ineffective By Misinforming [Defendant] About The Plea Bargain.

## II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. Where, as here, an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both

the factual findings and legal conclusions of the PCR court." Id. at 421. We apply these standards here.

In Strickland the United States Supreme Court established a two-part standard to determine whether a defendant has been deprived of the effective assistance of counsel. 466 U.S. at 687. Under the standard's first prong, a petitioner must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Id. at 687-88.

Under the "'second, and far more difficult prong of the'" Strickland standard, State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "'must show that the deficient performance prejudiced the defense[,]'" State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. 687). To establish prejudice, "'[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome.'" Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).

Proof of prejudice under Strickland's second prong "'is an exacting standard.'" Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must 'affirmatively prove prejudice'" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693).

Where a defendant claims plea counsel was ineffective, "the focus of the prejudice prong is 'whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" State v. Hooper, 459 N.J. Super. 157, 176 (App. Div. 2019) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). To sustain that burden, a defendant must demonstrate "'that a decision to reject the plea bargain would have been rational under the circumstances.'" Ibid. (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition founded on an ineffective assistance of counsel claim. 466 U.S. at 700. "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving

7

his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted).

Rule 3:22-12(a)(1) sets forth the time limitations for filing a first PCR petition.[4] The Rule provides that "no petition shall be filed . . . more than [five] years after the date of the entry . . . of the judgment of conviction that is being challenged." R. 3:22-12(a)(1). The five-year time limitation runs from the date of the conviction or sentencing, whichever the defendant is challenging. State v. Milne, 178 N.J. 486, 491 (2004); State v. Goodwin, 173 N.J. 583, 594 (2002).

The Rule 3:22-12(a)(1) time-bar may be relaxed if the PCR petition "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A). To establish excusable neglect, a defendant must establish more than "a plausible explanation for a

_____

[4] In his amended PCR petition, defendant refers to a purported PCR petition "dated 8-8-2012" and states it is enclosed with his amended petition. The record on appeal does not include the alleged 2012 petition and neither defendant nor the State refers to that petition in their briefs. We therefore do not consider defendant's reference to a prior PCR petition and treat the 2021 petition as his first. Of course, if it were determined the 2021 petition is defendant's second or subsequent PCR petition challenging his 1997 convictions, the timeliness of the petition would be governed by Rule 3:22-12(a)(2).

failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). The circumstances supporting a finding of excusable neglect must be "exceptional," Goodwin, 173 N.J. at 594, and the PCR "petition itself must allege the facts relied on to support the [excusable neglect] claim," State v. Mitchell, 126 N.J. 565, 577 (1992).

To determine whether a defendant has asserted a sufficient basis for relaxing the Rule's time restraints, a "court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Mitchell, 126 N.J. at 580. A defendant does not establish excusable neglect by merely asserting he or she had received inaccurate advice from defense counsel. State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013).

We reject defendant's claim the court erred by finding his PCR petition, filed twenty-four years after his 1997 convictions, is time-barred under Rule 3:22-12(a)(1). Defendant's pro se and amended petitions are bereft of any facts permitting a finding there is excusable neglect for the filing of his petition nineteen years after the five-year deadline. Indeed, defendant's petitions do not claim there was excusable neglect for the grossly tardy filing of his petition or

offer any facts providing an explanation for his failure to timely file his petition. For that reason alone, we affirm the court's order denying the PCR petition as time-barred.

In his pro se and amended PCR petitions, defendant asserts only that he became aware of his counsel's purported errors arising from the 1997 convictions when he was sentenced in 2010 by a federal court for a bank robbery, and that the lengthy federal sentence he received was imposed based on a finding he was a career criminal due, at least in part, to his 1997 convictions. However, defendant's 2021 pro se and amended PCR petitions do not offer any facts establishing excusable neglect for his decision to wait an additional eleven years to assert his claim plea counsel was ineffective in 1997.

Thus, accepting defendant's factual assertions as true, he was fully aware of his plea counsel's alleged mis-advice and errors associated with his 1997 convictions and sentences no later than in 2010. Yet, defendant waited an additional eleven years before filing his PCR petition.

To the extent defendant's petitions may be read to suggest there was excusable neglect for the late filing because it was not until 2010 that he learned about plea counsel's purported ineffectiveness, he offers no facts establishing excusable neglect for his failure to file his PCR petitions during the ensuing

eleven years.[5]  Again, because his pro se and amended PCR petitions do not establish excusable neglect for the filing of his petition beyond the five-year deadline set forth in Rule 3:22-12(a)(1), we affirm the PCR court's denial of defendant's petition.  See Mitchell, 126 N.J. at 577-80.

It is unnecessary to address defendant's claims the PCR court also erred by finding he otherwise failed to sustain his burden of establishing plea counsel was ineffective by allegedly misadvising defendant that the charges in the indictments would be dismissed, failing to advise defendant about the collateral consequences of his plea and convictions, and failing to review discovery and trial strategy with him.  The arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), other than to note we have

---

[5] We do not intend to suggest, and we do not find, that defendant's claimed 2010 discovery of plea counsel's alleged ineffectiveness would have in some manner established excusable neglect for his failure to file PCR petition within five years of his 1997 convictions and sentence as required under Rule 3:22-12(a)(1). We address defendant's alleged 2010 discovery of plea counsel's alleged errors solely to make clear that if those facts are accepted as true, they offer no refuge for defendant's late filing of his PCR petition in 2021.  Indeed, we agree with the PCR court that defendant's claim he was unaware he had pleaded guilty in 1997 to three separate offenses under two indictments and an accusation, and was sentenced on the three offenses, is belied by the plea form defendant executed in 1997, his sworn plea colloquy with the court in 1997, and his 1997 judgment of conviction.

considered the arguments and affirm the PCR court's rejection of the claims substantially for the reasons set forth in Judge Joyce's comprehensive opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2229-22